**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Debtor(s): Michael & Lori Kumbat  Case No:
\_\_\_\_\_X\_\_\_\_\_Chapter 13 Plan

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan, as modified by the Bankruptcy Court, may modify your rights by providing payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

**PLAN PAYMENTS AND LENGTH OF PLAN:** The projected disposable income of the Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the Trustee by money order or cashier's check following the filing of this chapter 13 plan the sum of $223.00 for 60, or longer to a maximum of 60 months. Each pre-confirmation plan payment shall include, other than regular ongoing mortgage payments, all adequate protection payments made pursuant to §1326(a)(1)(C).

**CLAIMS GENERALLY:** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to the creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

**ADMINISTRATIVE CLAIMS:** Trustee will only pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

**TRUSTEE FEES:** Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

**ATTORNEY FEES FOR DEBTOR'S COUNSEL PAID IN PLAN:**

| Total of Attorneys' Fees | Amount Paid Through Plan |
|---|---|
| $3,600.00 | $2,800.00 |

**The Attorney fees to be paid under the plan shall be paid in the amount of $200.00 per month until paid in full**

**PRIORITY CLAIMS:**

(A) **Domestic Support Obligations:** Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C.§507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. §1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| | | |

Pursuant to §507(a)(1)(B) and §1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a government unit, and/or not assigned to said entity for the purpose of collection.

**Claimant and Proposed Treatment:**

**(B) Other Priority Claims (e.g., tax claims):** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| None | | |

**SECURED CLAIMS:**

The regular monthly contractual payments owing on all secured claims, including the secured claims owing mortgage creditors, shall be paid through the Plan as part of the Plan payment to the Chapter 13 Trustee. The Debtor(s) may, if current in payments to an individual secured creditor, elect to file a motion seeking leave of court to the make direct payments to that creditor.

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administration lien on such payment(s), subject to objection. If Debtor(s) elects to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, upon confirmation said claims shall be neither dealt with nor affected by the Plan as confirmed.

| Name of Creditor | Total Est. Claim | Ad. Prot. Payment in Plan |
|---|---|---|
| CarMax | | payment directly to creditor |
| Kathryn Kumbat | | payment directly to creditor |
| Regions Bank | | payment directly to creditor |
| Wells Fargo | | payment directly to creditor |
| SunTrust Bank | | payment directly to creditor |

(A) **Claims Secured by Real Property Which Debtor(s) Intends to Retain/Mortgage Payments Paid Through the Plan:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| Wells Fargo | | payment directly to creditor |
| SunTrust Bank | | payment directly to creditor |

(B) **Claims Secured by Real Property Which Debtor(s) Intends to Retain/Arrearages Paid Through the Plan:** Subject to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|
| None | | |

**(C) Claims to Which §506 Valuation is NOT Applicable:** Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

| Name of Creditor | In Plan-Value | Int. Rate-Total to be Paid |
|---|---|---|
| None | | |

**(D) Claims to Which §506 Valuation is Applicable:**

| Name of Creditor | Ad. Prot. Pmt. | In Plan-Value | Int. Rate-Total to be Paid |
|---|---|---|---|
| None | | | |

**(E) Secured Claims on Personal Property-Balance Including any Arrearages Paid in Plan:**

| Name of Creditor/Security | Int. Rate | Total to be Paid | AD Protection Payment |
|---|---|---|---|
| CarMax | payment directly to creditor | | |
| Kathryn Kumbat | payment directly to creditor | | |
| Regions Bank | payment directly to creditor | | |

**Surrender of Collateral:** Debtor(s) will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| None | |

**SECURED-LIENS TO BE AVOIDED:**

| Name of Creditor/Security | Estimated Amount |
|---|---|
| SunTrust Bank/3rd Mortgage | $48,557.00 |

**LEASE/EXECUTORY CONTRACTS:**

| Name of Creditor/Security | Assume/Reject | Estimated Amount |
|---|---|---|
| None | | |

**OTHER CREDITORS PAID IN FULL IN PLAN:**

| Name of Creditor/Description | Estimated Amount |
|---|---|

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan

**OTHER PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall not vest in Debtor(s) until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

## PLAN SUMMARY

| | |
|---|---|
| Priority:<br>None | $ 0.00 |
| Secured:<br>SunTrust Bank (o/s)<br>Wells Fargo (o/s)<br>Regions Bank (o/s)<br>Kathryn Kumbat (o/s)<br>CarMax (o/s)<br>SunTrust Bank (Strip Lien) | $ 0.00<br>$ 0.00<br>$ 0.00<br>$ 0.00<br>$ 0.00<br>$ 0.00 |
| Attorneys Fees:<br>    $3,600.00 | $ 2,800.00 *in plan* |
| Attorneys Fees for Lien Strip:<br>    $350.00 | $ 350.00 *in plan* |
| Other:<br>Pro-rata distribution to unsecured | $ 9,392.00 |
| ***Sub Total*** | **$12,542.00** |
| Trustee's Fee- | $ 843.00 |
| ***Total*** | **$13,385.00** |
| Plan payments $223.00 x 60 months | $13,385.00 |

Dated: 8/21/09

Dated: 8/21/09

_____
Michael Kumbat

_____
Lori Kumbat